**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURTIS HINTON,** | : | **CIVIL ACTION NO. 1:23-CV-1084** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN BARRAZA,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241.  Petitioner, Curtis Hinton, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to apply earned time credits to his sentence pursuant to the First Step Act.  We will dismiss the petition without prejudice.

## I.   Factual Background & Procedural History

Hinton is incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a sentence of imprisonment for violation of the conditions of his supervised release arising from an underlying conviction for conspiracy to commit bank fraud.  See (Doc. 1 at 4); United States v. Hinton, No. 21-3166, 2021 WL 5505498 (6th Cir. 2021).  He filed the instant petition on June 28, 2023. (Doc. 1).  Hinton asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to apply such credit to his sentence.  (Id.)  He moved for leave to proceed in forma pauperis, but the court denied the motion on July 21, 2023, finding that he had sufficient funds in his inmate trust account to pay the requisite filing fee.  (Docs. 5-6).  After

being granted an extension of time, Hinton timely paid the filing fee on September 11, 2023.

## II.   <u>Legal Standard</u>

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III.   <u>Discussion</u>

Dismissal of this case under Rule 4 is appropriate because Hinton is ineligible to have FSA credits applied to his sentence.  Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  <u>See</u> 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release.  <u>See id.</u> § 3632(a).  Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each

inmate based on the inmate's specific criminogenic needs." <u>Kurti v. White</u>, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten days of credit for every thirty days of successful participation.  <u>Id.</u>  Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation.  <u>Id.</u>

The BOP has declined to apply FSA time credits to Hinton's sentence because he has been assessed as having a high recidivism risk under the System.  (Doc. 1 at 5).  Hinton asserts that he is eligible to have FSA credits applied to his sentence despite this assessment.  (<u>Id.</u>)

Hinton is incorrect.  Section 102(b)(1)(B) of the FSA requires inmates to "be a minimum or low risk to recidivate" before they may be transferred to prerelease custody or supervised released pursuant to the statute.  <u>See</u> First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1)(B), 132 Stat. 5194, 5211 (2018) (codified in 18 U.S.C. § 3624(g)(1)(D)).  The BOP's implementing regulations for the FSA accordingly require inmates to demonstrate "recidivism risk reduction" or maintain "a minimum or low recidivism risk" before they may have time credits applied toward prerelease custody or supervised release.  28 C.F.R. § 523.44(b)(2).  In other words, although Hinton "may be eligible to *earn* time credits, those credits cannot be *applied* until he has 'shown through the periodic risk reassessments a demonstrated

recidivism risk reduction.'"  Stepp v. Thompson, No. 1:22-CV-964, 2022 WL

16748607, *2 (M.D. Pa. Nov. 7, 2022) (internal alteration omitted) (quoting 18 U.S.C.

§ 3624(g)(1)(B)).  Hinton is thus ineligible to have FSA credits applied to his

sentence based on his high risk of recidivism and his petition will be dismissed.

**IV.**   **Conclusion**

We will dismiss the petition for writ of habeas corpus without prejudice.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 19, 2023